## Toussaint v. Lehigh Valley Transit Co.

*Robert Haas* and *Morris Efron,* for plaintiff.
*Butz, Steckel, Hudders & Rupp,* for defendant.

HENNINGER, P. J., February 28, 1949.—Defendant has filed two preliminary objections to plaintiff's complaint: (1) Cause of action too vaguely stated for proper answer, and (2) various recitals of damage not sufficiently specific.

The first preliminary objection was orally withdrawn at argument.

Were we to uphold the second objection, we would encourage such objections, for rarely have we seen a complaint stating damages so explicitly. For instance, as to personal injuries plaintiff claims "serious and permanent injuries throughout his body, particularly to his left shoulder and entire back; to his head and chest which were seriously and extensively bruised; to his wrists and arms which were bruised and sprained; to his nervous system which was severely shocked and injured, and divers other injuries".

The claim for damages to plaintiff's motor vehicle is as specific. We believe a plaintiff is entitled to a catch-all after specifying the main items of damage. At least so far as the automobile damage is concerned it would be strange if defendant's representatives are not in possession of an itemized statement of such damages.

In claiming depreciation, plaintiff modestly states that he is "informed and believes" that his vehicle suffered $500 depreciation. In direct violation of Pa. R. C. P. 1024(a) defendant demands knowledge of the source of plaintiff's information and an averment of ability to prove. This rule provides in relation to verification of pleadings:

"Every pleading containing averments of facts not appearing of record in the action or containing denials shall be verified on oath or affirmation that the averments or denials are true upon the affiant's personal knowledge or information and belief. The affiant need not aver the source of his information or expectation of ability to prove the averments or denials at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder."

On the question of damages, great latitude has always been given. While there are cases which have required greater particularity than is shown in this

complaint, it was stated at argument that defendant is already in possession of the facts and therefore it is not harmed by the generality of any part of plaintiff's claim.

Now, February 28, 1949, defendant's preliminary objections asking for a more specific statement are dismissed and defendant is ordered to file an answer, if it will, within 20 days after service of this order upon its counsel.